BOYD, Justice.
This cause is before us on appeal from the decision of the Circuit Court, Dade County, holding Florida Statutes § 631.201, F.S.A. unconstitutional as applied to the *426 facts in the case. Florida Statutes § 631.-201, F.S.A. part of the Uniform Insurers Liquidation Act, is as follows:
“Attachment and garnishment of assets. —During the pendency of delinquency proceedings in this or any reciprocal state, no action or proceeding in the nature of an attachment, garnishment or execution shall be commenced or maintained in the courts of this state against the delinquent insurer or its assets. Any lien obtained by any such action or proceeding within four months prior to the commencement of any such delinquency proceeding or at any time thereafter shall be void as against any rights arising in such delinquency proceeding.”
The appellant, as Insurance Commissioner of the State of Florida, is the receiver of an insolvent Florida insurance company, State Fire and Casualty Company, hereinafter referred to as State Fire, by virtue of a delinquency proceeding filed April 2, 1969, under Florida Statutes § 631.031, F. S.A.
Appellee Gottlieb is the judgment creditor of State Fire having recovered a final judgment on November 14, 1968, in the amount of $3,000.00 against State Fire’s insured, John Van Berkel, a minor and Alice Simon, individually and as next friend of John Van Berkel.
In January and February of 1969, appel-lee Gottlieb caused to be served on State Fire a Writ of Garnishment; took judgment by default against State Fire for its failure to answer the Writ of Garnishment; took final judgment against State Fire for its failure to answer scire facias on the same judgment and caused to be issued a Writ of Execution against State Fire. On March 28, 1969, appellee served a Writ of Garnishment on the Little River Bank and Trust Company, debtor of State Fire as its depository bank.
Meanwhile, the Circuit Court in the delinquency proceedings on April 4, 1969, issued an injunction against all persons from commencing or prosecuting any action against State Fire or the receiver and enjoined the obtaining of preferences, judgments, attachments, writs of garnishment or other liens. On April IS, 1969, Little River Bank and Trust, garnishee, filed its answer to appellee Gottlieb’s Writ of Garnishment, in which it confessed indebtedness to State Fire but referred to the delinquency proceedings and the appointment of a receiver. The receiver filed his motion to set aside appellee’s judgments against State Fire and to dissolve appel-lee’s Writ of Garnishment on Little River Bank and Trust Company. Appellee responded challenging the constitutionality of Florida Statutes § 631.201, F.S.A. and further alleging that the statute was not applicable to the factual situation presented.
The trial court, in the decision herein sought to be reviewed, denied the receiver’s motion to dissolve the Writs of Garnishment and held § 631.201 unconstitutional in its application to the facts presented.
Subsequent to the entry of the judgment of the trial court in the proceedings below, this Court rendered its decision in Shingleton v. Bussey [1] holding that liability insurance contracts are issued for the protection of both the insured and third parties who sustain injury or damage through the negligence of the insured. We recognized the insurance company as the real party in interest in such suits and stated :[2]
“It seems reasonable to view the cause of action against an insurer in favor of an injured third party as vesting in or accruing to the injured party at the same time he becomes entitled to sue the insured, assuming, of course, due notice of the injured party’s claim has been given insurer and it has had opportunity to duly investigate the same.”
*427 Subsequently, in the case of Beta Eta House Corporation v. Gregory,[3] this Court held:
“If coverage is admitted or determined by a prior trial, the carrier is bound by the ultimate judgment in the trial on the merits to the extent of such elements as the validity of the insurance policy and the amount of the judgment. Following the verdict on the merits, judgment against the insurer within the policy limits may be entered.”
Based on the foregoing decisions, we hold that the significant judgment date in the proceedings below was the date of the original judgment obtained by Anita Gott-lieb against State Fire’s insured on November 14, 1968, which was dearly before the four month cut-off date preceding the delinquency proceedings filed April 2, 1969. Since appellee’s judgment was obtained more than four months prior to the delinquency proceedings, the enforcement and collection of that judgment within the four-month period is outside the prohibition of § 631.201.
In view of our holding that § 631.201 is inapplicable to the facts before us, it is unnecessary to rule on the constitutionality of the statute. We have reached the same result as the able Circuit Court Judge below, but for a different reason.
Accordingly, that portion of the Circuit Court’s Order holding Florida Statute § 631.201, F.S.A. unconstitutional as applied to the facts is stricken and the judgment, as so modified, is affirmed.
It is so ordered.
ERVIN, Acting C. J., and ADKINS and McCAIN, JJ., concur.
CARLTON, J., and SPECTOR, District Court Judge, agree to conclusion.
DREW (Ret.), J., dissents.

. 223 So.2d 713 (Fla.1969).

. Id. at 716.

. 237 So.2d 163, 165 (Fla.1970).